**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

**DAVID ARLINGTON ZILLHART,**     **:**

        **Petitioner**      **:**     **CIVIL ACTION NO. 3:18-1034**

**v.**                       **:**        **(JUDGE MANNION)**

**BARRY SMITH,**            **:**

        **Respondent**     **:**

**<u>MEMORANDUM</u>**

Petitioner, David Arlington Zillhart, an inmate confined in the State Correctional Institution, Houtzdale, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges his guilty plea entered in the Court of Common Pleas of Lebanon County. <u>Id</u>. The petition is ripe for disposition. For the reasons outlined below, the petition will be denied.

**I.**     **<u>Factual and Procedural Background</u>**

The factual and procedural background is extracted from the Pennsylvania Superior Court's August 3, 2017 Memorandum Opinion

affirming the denial of Zillhart's petition filed pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S.A. §§9541-9546, and is as follows:

> Appellant, David Arlington Zillhart, appeals from the order of
> October 25, 2016, that denied, following a hearing, his first
> petition brought under the Post Conviction Relief Act (PCRA), 42
> Pa.C.S.A. §§9541-9546. On Appeal, Appellant claims he
> received ineffective assistance of plea counsel. For the reasons
> discussed below, we affirm the denial of the PCRA petition.
>
> We take the underlying facts and procedural history in this matter
> from our review of the certified record. On January 20, 2015,
> Appellant entered a negotiated guilty plea to two counts of
> involuntary deviate sexual intercourse, one count of statutory
> sexual assault, one count of sexual assault, eight counts of
> aggravated indecent assault, twelve counts of indecent assault,
> and two counts of corruption of minors. The charges arose out of
> Appellant's sexual abuse of two of his granddaughters over an
> approximately twelve-year period between August 1999 and
> April 2012.[1]
>
> There was an approximately four-month period between entry of
> Appellant's plea and sentencing because of the need for a
> sexually violent predator (SVP) inquiry and an assessment by
> the Sexual Offenders' Assessment Board (SOAB). On May 26,
> 2015, following receipt of a pre-sentence investigation report and
> a SOAB report, the trial court found Appellant to be a SVP and
> sentenced him in accordance with the terms of the negotiated
> guilty plea to a term of incarceration of not less than ten nor more
> than forty years. Appellant did not seek to withdraw his guilty
> plea, did not file a post-sentence motion, and did not file a direct
> appeal.

---

[1] A third granddaughter also disclosed that Appellant had sexually abused
her during the same period. However, because the victim did not want to
proceed and because Appellant elected to enter a guilty plea, the
Commonwealth did not file charges with respect to her allegations. (**See** N.T.
Sentencing, 5/26/15, at 6-8).

On January 28, 2016, Appellant, acting *pro se*, filed the instant, timely PCRA petition alleging ineffective assistance of plea counsel. That same day, the PCRA court appointed counsel, who filed an amended PCRA petition on August 18, 2016. A PCRA hearing took place on October 25, 2016. At the hearing, Appellant raised, for the first time, a claim that plea counsel was ineffective for failing to file a suppression motion. The PCRA court denied Appellant's PCRA petition from the bench, following the hearing. The instant, timely appeal followed. Appellant filed a timely concise statement of errors complained of on appeal on December 2, 2016. **See** Pa.R.A.P. 1925(b). On January 20, 2017, the PCRA court filed an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

1. Whether [p]lea [c]ounsel was ineffective for failing to partake in any [p]re-[t]rial [i]nvestigation, where Appellant informed [p]lea [c]ounsel that he could not be guilty of the crimes for which he was charged as he was not present during the dates and times of the alleged incidents, thereby causing Appellant to enter a guilty plea where [p]lea [c]ounsel failed to [use] Appellant's alibi to aid in his defense?

2. Whether Appellant was unlawfully induced into entering a guilty plea when [p]lea [c]ounsel failed to engage in any [p]re-[t]rial investigation so as to show Appellant's innocence, where [p]lea [c]ounsel opted to rely solely upon the Commonwealth's [i]nformation and failed to file a [m]otion to [s]uppress Appellant's statement?

**Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011), *appeal denied*, 72 A.3d 600 (Pa. 2013) (citations and quotation marks omitted).

(Doc. 10-18 at 1-4, Pennsylvania Superior Court Memorandum Opinion).

On August 3, 2017, the Pennsylvania Superior Court affirmed the PCRA

court's order denying Zillhart's PCRA petition, finding that his issues lacked arguable merit. Id.

On August 30, 2017, Zillhart filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. (Doc. 10-19 at 1). By Order dated December 13, 2017, the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal. (Doc. 10-20 at 1).

On May 16, 2018, Petitioner filed the instant petition for writ of habeas corpus, in which he raises the sole issue of ineffective assistance of plea counsel for "failing to conduct any pretrial investigation, relying solely on charging documents, and failing to:

> (i) determine whether Petitioner was present during time period of alleged offenses.

> (ii) investigate the nature of Petitioner's alibi defense.

> (iii) show Petitioner's innocence causing him to enter into an unlawfully-induced guilty plea.

> (iv) whether a pretrial suppression motion should have been filed to suppress Petitioner's statements to police.

(Doc. at 5).

## II.   Legal Standards of Review

A habeas corpus petition pursuant to 28 U.S.C. §2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his

- 4 -

confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). 28 U.S.C. §2254, provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States
>
> ....
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254. Section 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Glenn v. Wynder, 743 F.3d 402, 406 (3d Cir. 2014). A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

This limitation places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings resulted in "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Reed v. Farley, 512 U.S. 339, 348 (1994) (citations omitted).

Zillhart's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").

## III.   Discussion

Under the AEDPA, federal courts reviewing a state prisoner's application for a writ of habeas corpus may not grant relief "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

"[B]ecause the purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction," Greene v. Fisher, 565 U.S. 34, 38 (2011) (internal quotations and citations omitted), "[t]his is a difficult to meet and highly deferential standard . . . which demands that state-court decisions be given the benefit of the doubt." Cullen, 563 U.S. at 181 (internal quotation marks and citation omitted). The burden is on petitioner to prove entitlement to the writ. Id.

Under 28 U.S.C. §2254(d)(1), a decision is "contrary to" federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). The test for §2254(d)(1)'s "unreasonable application of" clause is as follows: "[a]n 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting Wiggins v. Smith, 539 U.S. 510, 519, 520 (2003)). "It is not enough that a federal habeas court, in its independent review of the legal

- 7 -

question, is left with a firm conviction that the state court was erroneous."
Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal quotations omitted).
"Under §2254(d)(1)'s 'unreasonable application' clause ... a federal habeas
court may not issue the writ simply because that court concludes in its
independent judgment that the relevant state-court decision applied clearly
established federal law erroneously or incorrectly." Id. at 75–76 (quoting
Williams, 529 U.S. at 411). Rather, "[t]he state court's application of clearly
established law must be objectively unreasonable" before a federal court
may grant the writ. Andrade, 538 U.S. at 75.

The test for §2254(d)(2)'s "unreasonable determination of facts" clause
is whether the petitioner has demonstrated by "clear and convincing
evidence," §2254(e)(1), that the state court's determination of the facts was
unreasonable in light of the record. See Rice v. Collins, 546 U.S. 333, 338–
339 (2006) ("State-court factual findings, moreover, are presumed correct;
the petitioner has the burden of rebutting the presumption by 'clear and
convincing evidence.' ") (quoting §2254(e)(1)) (citing Miller–El v. Dretke, 545
U.S. 231, 240, (2005)). Importantly, the evidence against which a federal
court measures the reasonableness of the state court's factual findings is the
record evidence at the time of the state court's adjudication. Cullen, 563 U.S
at 185.

Finally, Section 2254(e) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

Petitioner's sole claim is based on plea counsel's alleged ineffectiveness and has been fully adjudicated on the merits during the state court proceedings. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." See id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the petitioner must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." See id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in the performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987). As a result, if a petitioner fails on either prong, he loses. See Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.") (citation omitted); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.").

The two-pronged test established in Strickland "qualifies as 'clearly established Federal law' " for purposes of the AEDPA. See Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (quoting Williams v. Taylor, 529 U.S. 362, 391 (2000)). Therefore, under §2254(d)(1), the relevant inquiry in assessing ineffectiveness claims that have been adjudicated on the merits is whether the state court's decision involved an unreasonable application of Strickland or are based on an unreasonable determination of the facts. See Jacobs v.

Horn, 395 F.3d 92, 107 n.9 (3d Cir. 2005). Moreover, Pennsylvania's three-pronged test for ineffective assistance claims, see Commonwealth v Pierce, 515 Pa. 153, 527 A.2d 973, 975-77 (Pa. 1987), is not contrary to Strickland, see Jacobs, 395 F.3d at 107 n.9.

Petitioner raises the sole issue of ineffective assistance of plea counsel for "failing to conduct any pretrial investigation, relying solely on charging documents, and failing to:

> (i) determine whether Petitioner was present during time period of alleged offenses.
>
> (ii) investigate the nature of Petitioner's alibi defense.
>
> (iii) show Petitioner's innocence causing him to enter into an unlawfully-induced guilty plea.
>
> (iv) whether a pretrial suppression motion should have been filed to suppress Petitioner's statements to police.

(Doc. 1 at 5). Specifically, Petitioner states that "[a]t the heart of Petitioner's claims are the fact that each attempt at relief in post-conviction state courts were denied primarily on the assertion that Petitioner, 'openly admitted and continues to admit to committing these crimes.'" Id. at 6. He claims "[h]owever, this overly-used and inaccurate statement is not a representation of the truth" and "in fact, this statement has been taken completely out of context." Id. He contends that "when Petitioner was initially confronted by law enforcement and confronted with charges, Petitioner knew of two separate

incidents involving two victims" and "it is also a fact that Petitioner took responsibility for his acts but was never given the opportunity to have these facts investigated so that any plea would be a fair representation of facts and not overzealous prosecution, and a pretrial lawyer who relied solely on charging documents in this case." Id.

Where a criminal defendant enters a guilty plea upon the advice of counsel, the voluntariness of that plea can depend on whether "counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985). The Strickland test is to be applied to challenges to guilty pleas based on ineffective assistance of counsel. Id. at 57. However, in the context of a challenge to a guilty plea, to satisfy the Strickland prejudice requirement, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The Pennsylvania Superior Court affirmed the PCRA Court's rejection of Petitioner's claims, finding the following:

In the instant matter, Appellant claims that he received ineffective assistance of plea counsel.[2] (**See** Appellant's Brief, at 8-18). "A criminal defendant has the right to effective counsel during a plea

---

[2] While Appellant discusses his allegations as two distinct claims, they are intertwined and, therefore, we will treat them together.

process as well as during trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006) (citations omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id**. (internal quotation marks and citations omitted).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. **See Commonwealth v. Benett**, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. **See Strickland v. Washington**, 466 U.S. 668, 687-88 (1984); **Commonwealth v. Jones**, 815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate that:  (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **See Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds*, **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **See Jones, supra** at 611. Where, as here, Appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Rathfon, supra** at 370 (citation omitted). Appellant has utterly failed to do so.

Appellant first claims that plea counsel failed to investigate a proposed alibi defense. (**See** Appellant's Brief at 8-16). However, Appellant's argument on this issue is lacking in merit. In his brief, after quoting several pages of testimony from the PCRA hearing, Appellant perfunctorily states that he could not be guilty of the

- 13 -

crimes charged because he had an alibi. (**See id.** at 8-15). Appellant then baldly states that plea counsel's failure to investigate this defense caused him to plead guilty rather than using the alibi defense to aid him at trial. (**See id.** at 15). Appellant next avers, without explanation, that this demonstrates prejudice.

Initially, we note that Appellant's arguments here in support of this issue are not consistent with his testimony and argument at the PCRA hearing. At no point that we can ascertain has Appellant ever alleged that he had an alibi for the entire period of abuse, making him actually innocent of the charged crimes. (**See** N.T. PCRA hearing, 10/25/16, at 26-28). Rather, he claims that he was not residing at the address mentioned in the affidavit of probable cause during the initial periods of abuse between 1999 and January of 2002, and that between September of 2009 and June of 2011, the victims had moved out-of-state.[3]

Further, below, Appellant never claimed actual innocence, instead he admitted at multiple points throughout the PCRA hearing that he did sexually abuse his granddaughters. (**see id.** at 17, 19, 26-28). Moreover, Appellant has never state that he wished to go to trial; rather, he specifically testified at the PCRA hearing that he believed that he would have no chance of success at trial and was merely asking the court for "leniency." (**Id.** at 20). In addition, when pressed by the Commonwealth as to how the failure to investigate the "alibi" defense affected him, he was unable to articulate any specific impact. (**See id**. at 28-29). While PCRA counsel did argue that counsel's failure to investigate his alibi defense prejudiced Appellant, she did not claim that it caused Appellant to plead guilty but vaguely stated,

---

[3] The affidavit of probable cause does not clearly state that the abuse stopped when the family moved out-of-state but resumed when the family returned and moved in with Appellant. (**See** Affidavit of Probable Cause, 10/06/14, at 1).

*(footnote continued on next page)*

that pursuing it might have put the defense in a position to negotiate a more favorable sentence. (**See id.** at 35).[4]

Accordingly, we find that Appellant has failed to set forth the ineffectiveness analysis required by **Strickland**. **See Strickland, supra** at 687. Because Appellant has not established any of the three prongs, we must deem counsel's assistance constitutionally effective. **See Commonwealth v. Rolan**, 964 A.2d 398, 406 (Pa. Super. 2008) (holding that where appellant fails to prove any one of the three prongs of ineffective test, he does not meet his burden of proving ineffective assistance of counsel, and counsel is deemed constitutionally effective). Thus, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this issue.

Appellant next argues that plea counsel was ineffective for failing to investigate his innocence[5] by filing a motion to suppress his statement to the police, which resulted in him entering an unlawful guilty plea. (**See** Appellant's Brief, at 16-18). However, Appellant's argument is undeveloped. Appellant fails to cite to any particular case law other than boilerplate law on ineffective assistance of counsel, and merely quotes portions of his testimony at the PCRA hearing and then states, without

---

[4] Moreover, at the PCRA hearing, plea counsel specifically testified that Appellant never told him that the believed he had an alibi for the crimes but instead admitted his guilt and gave a detailed recitation of the abuse of his granddaughters. (**See** N.T. PCRA Hearing, 10/25/16, at 37-38). Counsel also testified that this was not the type of case that lent itself to an alibi defense; that he doubted "very strongly" that filing a partial alibi notice would have induced the Commonwealth to make a more favorable plea offer. (**Id.** at 44). In its bench ruling denying PCRA relief, the court specifically credited defense counsel's testimony that Appellant never raised the possibility of an alibi defense. (**See id.** at 50). We accord great deference to a PCRA court's credibility findings. **See Commonwealth v. Dennis**, 17 A.3d 297, 305 (Pa. 2011). Further, where, as here, the record supports them; such determinations are binding on a reviewing court. **See id.**

[5] As discussed above, any claim of actual innocence in Appellant's brief is belied by his repeated iterations of guilt throughout the PCRA hearing.

*(footnote continued on next page)*

explanation that this shows that his claim has arguable merit. (**See id**. at 17-18). He concludes that, but for counsel's failure to file a suppression motion, he would not have pleaded guilty.[6] However, Appellant never discusses any law on duress or coercion, and never explains the legal basis for his claim that he had a meritorious suppression issue. (**See id.**).

"Claims of ineffective assistance of counsel are not self-proving[.]" **Commonwealth v. Spotz**, 896 A.2d 1991, 1250 (Pa. 2006) (citation omitted). Our Supreme Court has repeatedly refuse to consider bald allegations of ineffectiveness, such as this one. **See Commonwealth v. Thomas**, 744 A.2d 713, 716 (Pa. 2000) (declining to find counsel ineffective "where appellant fail[ed] to allege with specificity sufficient facts in support of his claim."). Thus, because Appellant has failed to argue his claim with sufficient specificity, we find it waived. Therefore, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this issue.

In any event, we have held that where the record clearly shows that the court conducted a thorough guilty plea colloquy and that the defendant understood his rights and the nature of the charges against him, the plea is voluntary. **See Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. **See id**. At a minimum, the trial court must inquire into the following six areas:

> (1) Does the defendant understand the nature of the charges to which he is pleading guilty?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he has a right to trial by jury?

---

[6] Again, we note that the record from the PCRA hearing simply does not support the contention made on appeal that Appellant wished to go to trial in this matter.

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of the plea agreement tendered unless the judge accepts such agreement?

**Id.** (citation omitted); **see also** Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. **See** Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy that the defendant read, completed and signed, and made part of the record; and an on-the-record oral examination. **See id**.

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy with the trial court. (**See** Written Guilty Plea, 1/20/15, at unnumbered page 8; N.T. Guilty Plea Hearing, 1/20/15, at 2-4). At the guilty plea hearing, Appellant testified that he understood the charges against him, was pleading guilty because he had committed the crimes charged, had signed the written guilty plea colloquy, and understood the written colloquy. (**See** N.T. Guilty Plea Hearing, at 2-3). Appellant agreed that he had no questions for his counsel, the Commonwealth, or the trial court; was satisfied with counsel's representation; and wanted to plead guilty. (**See id.** at 4).

In the written plea colloquy, Appellant agreed that he was guilty of the charged crimes; he understood the maximum sentence he could receive and that the sentences could run consecutively; he was pleading guilty of his own free will; and he was satisfied with counsel's representation. (**See** Written Guilty Plea, **supra** at 3-5). Appellant did not make any complaints or voice any

dissatisfaction with counsel's representation during the plea colloquy. (**See** N.T. Guilty Plea, at 2-4).[7]

The statements made during a plea colloquy bind a criminal defendant. **See Commonwealth v. Muhammad**, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. **See Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of this decision to enter a plea of guilty: 'All that is required is that is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made'." **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted). Here, Appellant has not shown that his decision to enter the guilty plea was involuntary. He has therefore failed to prove prejudice. Thus, his claim of ineffective assistance of plea counsel lacks merit.

(Doc. 10-18 at 4-11).

The court cannot find that this decision, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified.

See Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir. 1999). The law relied upon by the Superior Court in reaching its holding was in accordance with Supreme Court precedent. There is nothing to suggest that

---

[7] We note that during the four-month interval between the guilty plea and sentencing Appellant did not seek to withdraw his guilty plea or make any complaints regarding counsel's stewardship. Further, Appellant did not raise the issue at sentencing, instead again admitting his guilt. (**See** N.T. Sentencing, 5/26/15, at 9; 2-28). Appellant did not file a post-sentence motion or a direct appeal.

this law was applied unreasonably, or that the decision was based on an unreasonable application of the facts.

It is apparent from the transcript, referenced in the Pennsylvania Superior Court's decision, that the oral colloquy addressed, among other topics, Petitioner's understanding of the written guilty plea colloquy, his understanding of the terms of the plea agreement, the absence of coercion, his wavier of rights, his understanding of the charges against him, and his satisfaction with his plea counsel. The record shows that Petitioner's plea of guilty to the offense was made with full knowledge and understanding of the nature of the offense and the full range of potential punishments the court could impose. It further shows that he was not induced to enter the plea and that he freely entered into the same.

The record in this case afforded an ample basis for the state court's conclusion that Petitioner's plea was knowing and voluntary, and not the product of ineffective assistance of counsel, and does not reflect an unreasonable application of the Strickland test. Therefore, Petitioner's ineffective assistance of plea counsel claim is without merit and will be denied.

## IV.  Certificate of Appealability

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Petitioner fails to demonstrate that a COA should issue.

The denial of a certificate of appealability does not prevent Zillhart from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the Third Circuit Court of Appeals. See Fed. R. App. P. 22(b)(1).

## V.    <u>Conclusion</u>

For the reasons set forth above, the petition for writ of habeas corpus

pursuant to 28 U.S.C. §2254 will be denied.

An appropriate order follows.


        <u>*s/ Malachy E. Mannion*</u>
        **MALACHY E. MANNION**
        **United States District Judge**

**DATE: January 26, 2021**
18-1034-01